[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 97-2053

THE GREAT WEST-LIFE ASSURANCE, ET AL.,
Plaintiffs, Appellees,

v.

OMAR S. ZAKI,
Defendant, Appellant.

No. 97-2054

OMAR S. ZAKI,
Plaintiff, Appellant,

v.

MUTUAL OF NEW YORK,
Defendant, Appellee.

No. 97-2057

UNION CENTRAL LIFE INSURANCE CO.,
Plaintiff, Appellee,

v.

OMAR S. ZAKI, M.D., P.C.,
Defendant, Appellant.

No. 97-2058

CROWN LIFE INSURANCE, ET AL.,
Plaintiff, Appellee,

v.

OMAR S. ZAKI, M.D.,
Defendant, Appellant.

No. 97-2059

CONNECTICUT GENERAL LIFE INSURANCE CO.,
Plaintiff, Appellee,

v.

OMAR S. ZAKI,
Defendant, Appellant.

No. 97-2060

LINCOLN NATIONAL LIFE INSURANCE CO.,
Plaintiff, Appellee,

v.

OMAR S. ZAKI,
Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Boudin, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lynch, Circuit Judge.

Omar S. Zaki on brief pro se.
Charles B. Straus, III, BBO, Joseph M. Hamilton, BBO and
Mirick, O'Connell, DeMallie & Lougee, on brief for appellee The
Greeat-West Life Assurance Company.
Joseph F. Ryan, BBO and Lyne, Woodworth & Evarts LLP, on brief
for appellee Mutual Life Insurance Company of New York.
Philip M. Howe, BBO and Lecomte, Emanuelson, Montejunas &
Doyle on brief for appellees The Lincoln National Life Insurance
Company, Union Central Life Insurance Company and Crown Life
Insurance Company, by its Administrator Lone Star Life Insurance
Company.

Mark C. Rosenthal, BBO and Day, Berry and Howard on brief for
appellee Connecticut General Life Insurance Company.

July 21, 1998

Per Curiam. Omar S. Zaki appeals from summary
judgments entered in favor of six insurance companies and
dismissing Zaki's counterclaims. Each insurer was granted
rescission of one or more disability insurance policies issued
to Zaki and, as applicable, Zaki was ordered to repay the
benefits which he received (less premiums paid) under the
policies. Having carefully reviewed the judgments in light of
the extensive briefs and the record, we share the district
court's well-reasoned view that there was no genuine issue of
material fact and that each insurer was entitled to judgment as
a matter of law. The court did not misapply state law, nor did
it misinterpret Zaki's waiver of the policies' incontestability
clauses. There was no relevant factual dispute as to Zaki's
intent.
Affirmed. See Loc. R. 27.1.